**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Case No.: 1:24-cv-2978

**ALESHA BROWN**
Plaintiff,

vs.

**MCDONALD'S CORPORATION;**
**MCDONALD'S RESTAURANTS OF COLORADO, INC., and**
**P & N ENTERPRISES, INC.**
Defendants.

---

**COMPLAINT AND JURY DEMAND**

---

COMES NOW Plaintiff, Alesha Brown, by and through her attorneys Burg Simpson Eldredge Hersh & Jardine, P.C., for her Complaint and Jury Demand against the Defendants, McDonald's Corporation; McDonald's Restaurants of Colorado, Inc., and P & N Enterprises, Inc. states, alleges and avers as follows:

## I. PARTIES

1. Plaintiff Alesha Brown is a citizen and currently a resident of Maui County, Hawaii, residing at 95 Hui Rd. F, Apt. A, Lahaina, HI 96761.

2. Defendant McDonald's Corporation at all relevant times is a foreign corporation with a principal office address of 110 North Carpenter Street, Chicago, Illinois 60607, and has a

3. registered agent in the State of Colorado, The Prentice-Hall Corporation System, Inc., with a principal office address of 1900 West Littleton Boulevard, Littleton, Colorado 80120.

4. Upon information and belief, Defendant McDonald's Corporation, at all relevant times, was responsible for the McDonald's business located at 1080 W. Victory Way, Craig, CO 81625.

5. Defendant McDonald's Restaurants of Colorado, Inc. (hereinafter Defendant McDonald's of Colorado) at all relevant times is a foreign corporation in good standing licensed to do business in the State of Colorado, with its principal place of business located at 110 N. Carpenter St., Chicago, IL 60607-2101 and has a registered agent in the State of Colorado, McDonald's Restaurants of Colorado, Inc. with a principal office address of 1900 West Littleton Boulevard, Littleton, Colorado 80120.

6. Upon information and belief, Defendant McDonald's of Colorado, at all relevant times, was responsible for the McDonald's business located at 1080 W. Victory Way, Craig, CO 81625.

7. Defendant P & N Enterprises, Inc. is a corporation in good standing doing business in the State of Colorado, with a principal office address at 222 Center Drive, Glenwood Springs, CO 81601. Defendant P & N Enterprises Inc's registered agent is Nancy Nelson located at 222 Center Drive, Glenwood Springs, CO 81601.

8. Upon information and belief, and at all relevant times, Defendant P & N Enterprises was the owner and operator of the McDonald's restaurant located at 1080 W. Victory Way, Craig, Colorado.

9. At all relevant times, Defendants had control over the interior of the restaurant including, but not limited to, the counter area, dining area, restroom area, surveillance cameras, video recording equipment, and "Wet Floor" signs located in the McDonald's restaurant at 1080 W. Victory Way, Craig, Colorado.

## II. JURISDICTION AND VENUE

10. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §1332 because the action is between citizens of different states and the amount in controversy exclusive of interest and costs exceeds the sum or value of $75,000.

11. Venue is proper pursuant to 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## III. GENERAL ALLEGATIONS

12. On October 29, 2022, at approximately 7:20 AM., Plaintiff Brown entered the McDonald's restaurant located at 1080 W. Victory Way, Craig, Colorado, (hereinafter "Subject McDonald's") to get a cup of coffee and oatmeal. After she placed her ordered, Plaintiff sat at a table near the counter to wait for her order.

13. When she was notified that her coffee was ready, Plaintiff walked toward the front counter and slipped and fell on the unmarked wet floor and landed hard causing injury.

14. Another employee of Subject McDonald's, believed to be the manager, came around the counter to assist Plaintiff.

15. The employee, believed to be the manager, allegedly wrote an incident report and offered Plaintiff several aspirin type pills but did not offer to call anyone for assistance, including emergency services.

16. At or about that same time and place, there were no warning signs, cones, or other warning devices in the direct vicinity of the wet floor to alert people in the restaurant, including Plaintiff, of the dangerous slipping hazards on the floor.

17. There were no wet floor signs sufficiently placed or proximate to the wet floor, and customers were not adequately warned of the hazardous and dangerous condition on the premises.

18. The wet floor of the Subject McDonald's created a hazardous and dangerous condition on the property.

19. The Defendants failed to inspect the floor for any hazards on the floor in a timely manner during its operating hours on October 29, 2022.

20. The Defendants failed to inspect the floor or put up any signage near the hazard at the Subject McDonald's immediately prior to Plaintiff's arrival on October 29, 2022.

21. The Defendants failed to dry the floor properly in the Subject McDonald's immediately prior to Plaintiff's arrival and fall on October 29, 2022.

22. The Defendants failed to put up the necessary signage warning of the wet floor in the vicinity of the wet floor at the Subject McDonald's immediately prior to Plaintiff's arrival and fall on October 29, 2022.

23. At all times relevant, the Defendants failed to create a path free of slipping hazards and wet floors at the Subject McDonald's for customers and the general public to walk.

24. The Defendants created a hazardous and dangerous condition by their failures to properly maintain the floor in the Subject McDonald's.

25. The Defendants created a hazardous and dangerous condition by their failures to properly display the "wet floor" signs in the Subject McDonald's.

26. The Defendants, collectively and each of them, as operators of the Subject McDonald's, are aware of the high traffic areas where people are walking.

27. The Defendants, collectively and each of them, as operators of the Subject McDonald's, are aware that injury can occur when there are slipping hazards and/or water on the floor of high traffic areas.

28. The Defendants, collectively and each of them, as operators of the Subject McDonald's, are aware that it is foreseeable that unmarked wet floors can cause injury to their customers.

29. As a direct and proximate result of the Defendants' careless and negligent actions and inactions, Plaintiff suffered serious bodily injury including but not limited to her head, neck, shoulders, hips, lower back and elbow.

30. As a direct and proximate result of the Defendants' careless and negligent actions and inactions, Plaintiff has suffered economic damages including past and future medical expenses, and out of pocket expenses.

31. As a direct and proximate result of the Defendants' careless and negligent actions and inactions, Plaintiff has suffered non-economic damages including but not limited to, past and future pain and suffering, inconvenience, mental and emotional distress, loss of enjoyment of life, and impairment of the quality of life.

32. As a direct and proximate result of the Defendants' careless and negligent actions and inactions, Plaintiff has suffered and will continue to suffer from permanent physical impairment.

**IV. CLAIM FOR RELIEF**
**(Premises Liability-All Defendants)**

33. Plaintiff incorporates and re-alleges by reference all other paragraphs of this Complaint as if fully set forth herein.

34. With regard to the property on which Plaintiff was injured, Defendant McDonald's Corporation is a landowner of the Subject McDonald's as defined by C.R.S. Sec. 13-21-115.

35. With regard to the property on which Plaintiff was injured, Defendant McDonald's of Colorado is a landowner of the Subject McDonald's as defined by C.R.S. Sec. 13-21-115.

36. With regard to the property on which Plaintiff was injured, Defendant P & N Enterprises, Inc. is a landowner of the Subject McDonald's as defined by C.R.S. Sec. 13-21-115.

37. At the time of the incident, Plaintiff was an invitee of the Subject McDonald's as defined by C.R.S. Sec. 13-21-115.

38. Each of the Defendants owed a statutory duty to Plaintiff of reasonable care to protect her and other people walking in the Subject McDonald's from dangers of which it knew or should have known.

39. Each of the Defendants owed a statutory duty to Plaintiff to exercise reasonable care to protect her and other people walking in the Subject McDonald's from dangers of which each of the Defendants knew or should have known.

40. Each of the Defendants breached its respective duty to exercise reasonable care to protect Plaintiff from dangers of which each Defendant knew or should have known by failing to ensure that the floor in the Subject McDonald's was free from slipping hazards, and by failing to properly warn people, including Plaintiff, walking in the Subject McDonald's.

41. Each of the Defendants failed to exercise reasonable care to protect people walking in the Subject McDonald's, including Plaintiff, from dangers of which each knew or should have known was unreasonable.

42. As a direct and proximate result of the Defendants' negligent actions and inactions, Plaintiff has suffered past and future economic and non-economic damages including, but not limited to, medical expenses, out-of-pocket expenses, pain and suffering, inconvenience, emotional distress, mental anguish, loss of enjoyment of life, and permanent physical impairment as further described herein, the amounts of which will be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Alesha Brown prays for Judgment against the Defendants and for relief as follows:

1. Economic damages, including but not limited to, past and future medical expenses, and out of pocket expenses;

2. Non-economic damages, including but not limited to, pain and suffering, loss of enjoyment of life, inconvenience, mental anguish, and emotional distress;

3. Damages for permanent physical impairment and disfigurement;

4. All other compensatory damages caused by the Defendants' actions and inactions, to be proven at trial;

5. Pre-judgment and post-judgment interest as provided for by law;

6. Attorney fees, costs, and expenses of this action as provided for by law; and

7. For such other and further relief as the Court deems just and proper.

**JURY DEMAND**

**PLAINTIFF HEREBY DEMANDS A TRIAL TO A JURY ON ALL ISSUES SO TRIABLE.**

Dated this 24th day of October 2024.

**BURG SIMPSON**
**ELDREDGE HERSH & JARDINE, P.C.**
***(Original signed copy on file at the law offices of Burg Simpson Eldredge Hersh & Jardine, P.C.)***

*/s/ Michael S. Burg*
40 Inverness Drive East
Englewood, CO 80112
Phone: 303-792-5595
mburg@burgsimpson.com
*Attorney for Plaintiff*

**Plaintiff's Address**
c/o Burg Simpson
40 Inverness Drive East
Englewood, CO 80112